**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA MICHAEL REED,<br>Petitioner,<br>v.<br>WARDEN, FORT DIX, FCI,<br>Respondent. | Civil Action No. 26-06028 (GC)<br>**MEMORANDUM & ORDER** |

Petitioner is a federal prisoner currently incarcerated at Fort Dix, Joint Base MDL, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Section 2241). (ECF No. 1 (Petition).)

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petition or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for Section 2241 petitions, *i.e.*, AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

When he submitted his Petition, Petitioner also did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed in forma pauperis (IFP).

**IT IS**, therefore, on this 30th day of October, 2026 **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Petition; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals);

*Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.,* 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank Section 2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241—as well as a blank form DNJ-Pro Se-007-B-(Rev. 09/09) by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court's service of the blank Section 2241 form shall not be construed as this Court's finding that the Petition is or is not timely, that the Petitioner's claims are or are not unexhausted, or that his claims are or are not procedurally defaulted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and either (i) a complete IFP application or (ii) the five-dollar filing fee; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, the complete, signed habeas petition on the appropriate form, and either (i) a complete IFP application or (ii) the five-dollar filing fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

Georgette Castner

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE